HOUSTON & TEXAS CENTRAL RAILROAD COMPANY ET AL. V.
FRANK KOTHMANN ET AL.

Decided January 4, 1905.

**1.—Charge—Joint Defendant.**

Where several lines of railway were joined as defendants to a suit for injury to plaintiff's live stock in its transportation, it was not erroneous to charge, as to defendants generally, on the duty to give time and opportunity for the cattle to eat, drink and rest, though there was no evidence of default in such particular except by one defendant.

**2.—Carrier—Diligence to Transport—Charge.**

An instruction that it was the duty of a carrier to transport live stock "with ordinary care, speed and diligence" held not misleading in view of other parts of the charge showing that they were held only to use ordinary care to transport with such speed.

**3.—Same.**

Special charges allowing each of the connecting carriers jointly sued a reasonable time to receive and begin the transportation of live stock when tendered to them, held to so qualify a charge elsewhere given that it was not to be construed as to require them to begin transportation forthwith upon tender.

**4.—Negligence—Charge.**

Charge defining negligence on the part of a carrier held not inaccurate, or, if so, corrected by a requested instruction given.

**5.—Same.**

A charge holding a carrier liable for resulting injuries to live stock if they "negligently" bumped together the cars in switching, required the jury to find the act to be negligently done before awarding damages.

**6.—Same.**

A charge holding a carrier liable for all damages which it "caused or contributed to" by its negligence was not erroneous, or, if so, was not ground for reversal where substantially the same instruction was given at request of the party complaining of it.

Appeal from the County Court of Llano. Tried below before Hon. F. J. Johnson.

*S. R. Fisher* and *J. H. Tallichet*, for appellant.—It is error for a court to charge on matters plead but not supported by evidence, and the court erred in charging the jury, as against all the defendants, on a phase of the case applicable only to one of them. Texas & P. Ry. Co. v. Wisenor, 66 Texas, 675; Houston & T. C. Ry. Co. v. Gilmore, 62 Texas, 391; Galveston, H. & S. A. Ry. Co. v. Faber, 63 Texas, 344; O'Dair v. Missouri, K. & T. Ry. Co., 14 Texas Civ. App., 541, 38 S. W. Rep., 242; Gulf, C. & S. F. Ry. Co. v. Vieno,. 7 Texas Civ. App., 350; Cook v. Dennis, 61 Texas, 248.

In the matter of the speed with which a carrier is bound by law to transport live stock, the duty is not to transport with "ordinary speed" as the court in its charge advised the jury, but it is to exercise reasonable diligence to transport and deliver the property. The duty is to exercise due care—ordinary care—and the term "ordinary speed" is a stranger to the law. International & G. N. R. R. Co. v. Young, 72 S. W. Rep., 68; Texas & P. Ry. Co. v. Arnold, 16 Texas Civ. App., 76, 40 S. W. Rep., 829; Gulf, C. & S. F. Ry. Co. v. Ellison, 70 Texas, 491; Louisville & N. Ry. Co. v. Harned, 66 S. W. Rep., 25; Baker v. L. & N. Ry. Co., 10 Texas, 304; Coupland v. Housatonic Ry. Co., 15 Law Rep. Ann., 534; Texas & P. Ry. Co. v. Tribble, 67 S. W. Rep., 890.

The paragraph of the charge complained of is independent and is not referred to or corrected by any other portion of the charge, or by any special instructions given; the error above pointed out was not, therefore, cured by any correct statement of the law embraced therein. International & G. N. R. R. Co. v. Lehman, 66 S. W. Rep., 214; Baker v. Ashe, 80 Texas, 361; Pound v. Turck, 95 U. S., 461.

The court erred in its charge, in attempting to define negligence, in advising the jury that the test is what "ordinarily intelligent and prudent men" would or would not do, because the true test is what a reasonably prudent person would or would not do, and because neither the courts nor the juries can know or have any conception of what is ordinary intelligence. Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 350; Houston & T. C. Ry. Co. v. Sgalinski, 46 S. W. Rep., 113.

The court erred in said paragraph of its charge in assuming and in advising the jury that if the cars containing plaintiffs' cattle were bumped together or used in switching, such acts would constitute negligence. St. Louis Ry. Co. v. Smith, 63 S. W. Rep., 1064; Missouri, K. & T. Ry. Co. v. Williams, 40 S. W. Rep., 161; Houston City St. Ry. Co. v. Artusey, 31 S. W. Rep., 319; Gulf, C. & S. F. Ry. Co. v. White, 32 S. W. Rep., 322; Missouri P. Ry. Co. v. Christman, 65 Texas, 369; Mayo v. Tudor, 74 Texas, 471; Texas & P. Ry. Co. v. Murphy, 46 Texas, 368; Heldt v. Webster, 60 Texas, 207; Austin v. Talk, 26 Texas, 130; Andrews v. Marshall, 26 Texas, 215.

In order to entitle the plaintiff to recover herein, it is necessary that the negligence of which the defendants are alleged to have been guilty should have directly and proximately caused damage to the plaintiffs' cattle; the court, therefore, erred in said paragraph of its charge in

authorizing a recovery for all damage caused or contributed to by said alleged negligence. Texas & P. Ry. Co. v. Reed, 88 Texas, 448.

*Chas. L. Lauderdale,* for appellees.

EIDSON, ASSOCIATE JUSTICE.—This was a suit by Frank Kothmann and A. F. Kothmann against the Houston & Texas Central Railroad Company, the Gulf, Colorado & Santa Fe Railway Company, the Atchison, Topeka & Santa Fe Railway Company, and the St. Louis & San Francisco Railroad Company, to recover of defendants damages alleged to have been sustained on account of the alleged negligence of defendants in transporting a shipment of cattle from Llano, Texas, to market at National Stock Yards, Illinois. The trial before a jury resulted in a verdict and judgment for plaintiffs for $93.76 against the Houston & Texas Central Railroad Company, for $104.25 against the Gulf, Colorado & Santa Fe Railway Company, for $15.63 against the Atchison, Topeka & Santa Fe Railway Company, and $255.26 against the St. Louis & San Francisco Railroad Company.

By their first assignment of error appellees complain of the fifth paragraph of the court's charge, which instructs the jury that it was the duty of each of the defendants, at places where plaintiffs' cattle were stopped for rest, feed and water, to afford the plaintiffs reasonable time and opportunity to permit said cattle to rest, eat and drink sufficiently, because there was no evidence that the Houston & Texas Central Railroad Company or the Atchison, Topeka & Santa Fe Railway Company or the St. Louis & San Francisco Railroad Company had failed to perform their full duty in said particular, there being evidence against one of the defendants only, the Gulf, Colorado & Santa Fe Railway Company, did not authorize said instruction as to the others. The defendants having been jointly sued and the charges of negligence embraced in said instruction being alleged in the petition against all of the defendants jointly and the court having in its main charge and in the specially requested charge of defendants instructed the jury that each defendant would be liable only for its own negligence, we think the jury could not have been misled by the instruction complained of.

In their second assignment of error appellants complain of that part of the fifth paragraph of the court's charge which instructs the jury in substance, that it was the duty of appellants to transport appellees' cattle with "ordinary care, speed and diligence" on the ground that said instruction required of defendants a higher degree of care and greater diligence than was required by law. While considered separately from and disconnected with other parts of the main charge of the court and special instructions given at the request of appellants, the charge complained of might be subject to the criticism of appellants, we think it is not when construed in connection with that part of the main charge of the court which applies the law directly to the issues raised by the pleadings and evidence and the special charge of the defendants

given by the court bearing upon the diligence required of defendants with respect to the time within which it was their duty to transport the appellees' cattle to their destination.

Appellants by their third assignment of error complain of the fifth paragraph of the court's charge upon the ground that the same imposes upon the several defendants the duty of transporting cattle tendered it or them forthwith, whereas in law each defendant was entitled to reasonable time after the tender of said cattle to it within which to receive said cattle and to begin the transportation of same.

We do not think that the part of the charge complained of is susceptible of the construction sought to be placed upon it by appellants when considered by itself, but we are clearly of the opinion that it would not be when construed in connection with the following special instruction given at the request of appellants by the court: "You are instructed that the initial carrier, the Houston & Texas Central Railroad Company was entitled to have a reasonable time within which to begin the transportation of plaintiffs' live stock after the same had been delivered to it; and that each successive carrier was entitled to reasonable time after said cattle had been delivered to it within which to receive and begin the transportation of said stock; and that delays, if any, which were not unreasonable or negligent, even though they resulted in damage, can not form the basis for a verdict against any of the defendants."

Appellants by their fourth assignment of error complain of the seventh paragraph of the general charge of the court which defines negligence and is as follows: "Negligence is the failure to do that which men of ordinary prudence and intelligence would do under the same or like circumstances; or the doing of that which men of ordinary prudence and intelligence would not do under the same or like circumstances." We are not prepared to say that this instruction in view of the issues and evidence in this case is erroneous. If, however, it is an inaccurate definition of negligence, it was corrected by the special instruction given the jury by the court at the request of appellants which is as follows: "You are further instructed that negligence is the failure to do what a reasonably prudent person, resting under a legal duty to do, would have done under the same or similar circumstances; or the doing what a reasonably prudent person, resting under a legal duty, to leave undone, would not have done under the same or similar circumstances, which said duty is measured by the exigencies of the situation."

Appellants under their fifth and sixth assignments of error contend that the eighth paragraph of the court's charge authorizes the jury to find for plaintiffs if they believe from the evidence that the cars containing the plaintiffs' cattle were bumped together or used in switching without regard to whether defendants were guilty of negligence in said particular and that said charge is on the weight of evidence and also that same authorizes the jury to award damages to plaintiffs for injury to their cattle regardless of whether or not such injuries were proximately caused by the negligence on the part of defendants or any of them. We do not think the charge is subject to any

of the above stated objections. It instructs the jury if they believe from the evidence that the defendants or either or any of them did negligently cause or permit the cars in which the plaintiffs' cattle were by it being carried to be bumped together or used in switching, etc., and that the injuries alleged were caused by such negligence, if any, they would find for plaintiffs. The words negligently used in the first part of the paragraph evidently relates to the act of bumping together in switching and made it necessary for the jury to believe that the cars were negligently bumped together or negligently used in switching before they could find for the plaintiffs. We overrule the seventh assignment of error because, in our opinion, there is testimony in the record authorizing the court to give to the jury the instruction complained of in this assignment.

The ninth paragraph of the court's charge is not subject to the criticism of appellants when read in connection with the eighth paragraph of said charge and special charges given at the request of appellants.

By their ninth assignment of error appellants complain of the twelfth paragraph of the court's charge upon the ground that it authorizes a recovery for all damage "caused or contributed to" by said alleged negligence. We do not think this instruction is erroneous, and besides, it is substantially the same as one asked by the defendants and given by the court upon the same subject.

Appellants in their tenth assignment of error complain of said twelfth paragraph of the court's charge upon the ground that same is on the weight of the evidence and has a tendency to cause the jury to believe that they must return a verdict in favor of the plaintiffs and against each and all of the defendants. We are of the opinion that said paragraph of the court's charge is not subject to the criticism of appellants, especially when read in connection with the eleventh paragraph of the court's charge which instructs the jury that unless they find in favor of the plaintiffs they will find in favor of the defendants and if they find in favor of the defendants they will so state by their verdict.

The verdict and judgment are fully supported by the testimony, and finding no error in the record the judgment of the court below is affirmed.

*Affirmed.*